IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MOYAL WELLNESS CENTER, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> RITECARE MEDICAL CENTER, LLC <br><br> Defendant. | CLASS ACTION <br><br> No. _____ |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Moyal Wellness Center, LLC ("Plaintiff"), through its attorneys, brings this action on behalf of itself and all others similarly-situated, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Ritecare Medical Center, LLC ("Defendant"):

## PRELIMINARY STATEMENT

1. This case seeks monetary and future injunctive relief from Defendant's unsolicited fax advertisements (i.e. "junk faxes"), including statutory damages on behalf of Plaintiff and the Class in the amount of $500 - $1500 per violation.

2. Defendant sent advertisements in an attempt to market its urgent care medical provider services.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits a person or entity from sending or having an agent send advertisements by facsimile without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").

1

4.     The TCPA mandates that every fax advertisement must include a very specific opt-out notice that is clearly and conspicuously displayed on its first page. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5.     The TCPA provides a private right of action and provides statutory damages of $500 - $1,500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court may treble the damages.

6.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

7.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, Florida's Deceptive and Unfair Trade Practices Act, and the common law of conversion.

8.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9.     Plaintiff is a Florida limited liability company with its principal place of business in Miami, Florida.

10.    Defendant is a Florida limited liability company with its principal place of business in Miami, Florida.

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. This court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendant committed a statutory tort within this district and a significant portion of the events giving rise to Plaintiff's claims took place here.

## **FACTS**

13. On April 6, 2017, Plaintiff received an unsolicited 2-page fax advertisement. A copy of the subject fax advertisement is attached hereto as Exhibit A. The fax advertisement attached as Exhibit A was sent, or caused to be sent, by Defendant. It advertises Defendant's urgent care medical provider services.

14. The subject fax advertises Defendant's goods, products or services. Exhibit A is an advertisement sent by fax to advertise Defendant's urgent care medical provider services. Exhibit A states that Defendant provides "Emergency Medical Condition Exams," offering "Rapid Reports," "Professional Evaluation," "Cost Effective" services, and "X-Rays, Medications, and Injections."

15. Though the facsimile says "Miami Medical Center" (hereafter, "MMC"), the telephone provided on the fax is that for Defendant. The address on the fax leads to a building with a large sign identifying the business as "RITECARE Urgent Medical Center." Upon information and belief, MMC is nothing but an alter-ego of Defendant.

16. Defendant sent, or caused these unsolicited fax advertisements to be sent, to Plaintiff and a class of similarly-situated persons.

17. Plaintiff did not invite or give permission to anyone to send Exhibit A to it.

18. Exhibit A does not contains an opt-out notice as required by the TCPA.

19. On information and belief, Defendant sent the same and similar facsimiles advertising its services to Plaintiff and other recipients without first receiving the recipients' express permission or invitation. This allegation is based, in part, on the fact that Plaintiff never gave permission to anyone to send the subject fax advertisement to it, that Plaintiff never conducted business with Defendant, and that sending advertisements by fax is a very cheap way to reach a wide audience.

20. There are no reasonable means for Plaintiff (or any other putative Class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS REPRESENTATION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of the Class initially defined as follows:

> All persons and entities who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability or quality of property, goods, or services offered by defendant, and that did not contain an opt-out notice on its first page.

Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, any officer or director of Defendant, the legal representative, heir, successor, or assign of Defendant, and any Judge assigned to this action, along with the members of his or her immediate family.

22. Further, Plaintiff also seeks to certify the following sub-class of persons:

> All persons or entities, residing in the State of Florida, who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability or quality of property, goods, or services

4

offered by defendant, and that did not contain an opt-out notice on its first page.

23.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.  This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the putative Class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

24.     **Numerosity/Impracticality of Joinder:**  On information and belief, the Class is so numerous that joinder of all members is impracticable. The precise number of Class members and their identities are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties.

25.     **Commonality and Predominance:**  There is a well-defined community of interest and common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

   a.     Whether Defendant sent advertisements by facsimile;

   b.     Whether Exhibit A advertised the commercial availability or quality of property, goods or services;

   c.     The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which it sent Exhibits A and other unsolicited fax advertisements;

     d.     Whether Defendant sent advertisements by fax without first obtaining the recipients' express permission or invitation;

     e.     Whether Defendant violated the TCPA by failing to include an opt-out notice on each advertisement sent by fax ;

     f.     Whether Plaintiff and the other Class members are entitled to statutory damages under the TCPA;

     g.     Whether the Defendant's violation of the TCPA constituted an unfair practice in violation of FDUTPA;

     h.     Whether the Court should enjoin Defendant from faxing advertisements in the future;

     i.     Whether the Court should award trebled damages;

     j.     Whether Defendant's conduct as alleged herein constituted conversion; and

     k.     Whether Plaintiff and Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

26.    **Typicality of claims:**  Plaintiff's claims are typical of the claims of the entire Class because Plaintiff and all Class members were injured by the same conduct. Plaintiff and the other members of the Class each received one or more unsolicited fax advertisements from Defendant that also did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendant's conduct, if Plaintiff prevails on its claims, then the putative Class members must necessarily prevail as well.

27.    **Adequacy of Representation:**  Plaintiff will adequately represent the Class because Plaintiff's interests do not conflict with the interests of the members of the Class.

Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interests of the entire Class.

28. **Prosecution of Separate Claims Would Yield Inconsistent Results:** Even though the questions of fact and law in this action are predominately common to Plaintiff and the putative Class members, separate adjudication of each Class member's claims would yield inconsistent and varying results. Such inconsistent rulings would create incompatible standards for Defendant to operate under if/when Class members bring additional lawsuits concerning the same unsolicited fax advertisements or if Defendant advertises by fax again in the future.

29. **This Class Action is the Superior Method to Adjudicate the Common Questions of Law and Fact that Predominate:**  A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty that will be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

30. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons.

32. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

33. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

34. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>    (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>    (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>    (C) Both such actions.
>
> 47 U.S.C. § 227 (b) (3).

35. In relevant part, the TCPA states, "[t]he Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous. . . ." 47. U.S.C. § 227 (b) (2) (D) (i).

36. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may

8

make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

37. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice. . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

38. Moreover, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

39. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

40. Defendant violated 47 U.S.C. § 227 et seq. by sending advertisements by fax (such as those contained in Exhibit A) to Plaintiff and the other Class members without first obtaining their prior express invitation or permission.

41. Defendant violated 47 U.S.C. § 227 et seq. by not including an opt-out notice on the first page of every advertisement sent by fax, as required by the TCPA.

42. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is

designed to ensure that the recipients have the necessary contact information to opt-out of future fax transmissions. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

43. Defendant is liable for these TCPA violations, even if the faxes were transmitted by a third party, because the faxes advertised Defendant's goods, products, or services, or the faxes were sent on its behalf.

44. The TCPA is essentially a strict liability statute and Defendant is liable to Plaintiff and the other Class members even if its actions were negligent.

45. Even if Defendant ultimately proved it obtained prior express consent to send the advertisements by fax, or prove an established business relationship with Plaintiff or the other Class members, Defendant is liable to Plaintiff and the other Class members under the TCPA for failing to include an opt-out notice on each advertisement sent by fax.

46. Defendant knew or should have known that Plaintiff and the other Class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods, products, or services, that Plaintiff and the other Class members did not have an established business relationship with Defendant, that <u>Exhibit A</u> was an advertisement, and that <u>Exhibit A</u> did not display an opt-out notice required by the TCPA.

47. Defendant's actions caused damages to Plaintiff and the other Class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. The subject faxes used the recipients' telephone lines and fax machines. The subject faxes cost the recipients' time, as they wasted their time receiving, reviewing, and routing Defendant's unlawful faxes, rather than spending it on their own business

activities. Defendant's faxes unlawfully interrupted the recipients' privacy interests in being left alone. Finally, the injury and property damage the recipients sustained as a direct result of Defendant sending Exhibit A occurred outside Defendant's premises.

48. Even if Defendant did not intend to cause damage to Plaintiff and the other Class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

## COUNT II
## CONVERSION

49. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50. Plaintiff brings Count II on behalf of itself and a class of similarly situated persons.

51. By sending unsolicited faxes to Plaintiff and the other Class members, Defendant improperly and unlawfully converted their telephone lines, fax machines, toner, and paper to Defendant's own use. Defendant also converted the Class members' time to its own use.

52. Immediately prior to their receipt of the unsolicited faxes, Plaintiff and the other Class members each owned an unqualified and immediate right to possession of its fax machine, paper, toner, and employee time.

53. By sending the unsolicited faxes, Defendant permanently misappropriated the Class members' fax machines, toner, paper, and employee time to its own use. Such misappropriation was wrongful and without authorization.

54. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

55. The unsolicited faxes deprived Plaintiff and the other Class members of the use of their fax machines, paper, toner, and employee time for any other purpose. Plaintiff and each Class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

56. Each of Defendant's unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

## COUNT III
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201

57. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

58. Plaintiff and the Members of the Sub-Class are "consumers" within the meaning of Fla. Stat. § 501.203(7).

57. Defendant is a "person" or "entity" as used in FDUTPA.

58. Pursuant to FDUTPA, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

59. FDUTPA's 'unfair prong' is also violated by a violation of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. 501.203(3)(c). Thus FDUTPA's 'unfair prong' is violated by a violation of the Telephone Consumer Protection Act.

60. Within four years prior to the filing of this complaint and continuing to the present, Defendant violated FDUTPA by engaging in unfair practices against Plaintiff and the Sub-Class.

61. Defendant was engaging in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8).

62. The practices described herein also offend established public policy regarding the protection of the consuming public and legitimate business enterprises against companies, like Defendant, who engage in unfair methods of competition.

63. Defendant's conduct, which caused substantial injury to Plaintiff and the Sub-Class could have been avoided, and is not outweighed by countervailing benefits to any consumers or competition.

64. Defendant's business acts and practices are also unfair because they have caused harm and injury-in-fact to Plaintiff and Sub-Class Members.

65. In addition to actual damages, Plaintiff and the Sub-Class are entitled to declaratory and injunctive relief as well as reasonable attorney's fees and costs pursuant to Fla. Stat. § 501.201, *et seq.*

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b) declare Defendant's conduct to be unlawful under the TCPA and/or FDUTPA;

c) award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d) award actual damages under FDUTPA;

e) enjoin Defendant from additional violations;

f) award Plaintiff and the Sub-Class their attorney's fees and costs;

g) grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## JURY DEMAND

Plaintiff and the Members of the Classes hereby request a trial by jury.

Respectfully submitted,

**KU & MUSSMAN, PA**

By: */s/ Louis Mussman*
Louis Mussman, Esq. (Fla # 597155)
louis@kumussman.com
Brian T. Ku, Esq. (Fla. # 610461)
brian@kumussman.com
18501 Pines Blvd. Ste. 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (305) 891-4512

*Attorneys for Plaintiff and the Class*